People of the State of Illinois, Plaintiff-Appellant, v. Raymond J. Kuhn, Defendant-Appellee.

Gen. No. 52,634.

First District, Second Division.

December 17, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Thomas M. Burnham, Assistant State's Attorneys, of counsel), for appellant.

No appearance made or brief filed in behalf of appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On September 20, 1966, Raymond J. Kuhn was arrested and charged with driving a motor vehicle with a load 6,660 pounds in excess of the maximum allowable under the provisions of Ill Rev Stats 1965, c 95½, § 228. On that day he executed a bail bond and was released from custody. The case was postponed from time to time by judges hearing nonjury cases. On March 1, 1967, the defendant said he wanted a trial by jury. The case was set for March 7, 1967. Thereafter the case was continued by

order of court or on motion of the People until July 26, 1967, when the defendant moved for discharge under the provisions of Ill Rev Stats 1965, c 38, § 103–5. Defendant asserted that 120 days or more had elapsed since he filed his "demand for trial." On July 26, 1967, the court sustained defendant's motion to dismiss and discharged him. The People appealed. The defendant has not appeared or filed a brief.

██ We are of the opinion that the People are right in their position that the defendant's indication that he would not waive a jury trial did not constitute a demand for an immediate trial and that as he was at liberty on bond at all times subsequent to his arrest, he was not entitled to be discharged. The State's Attorney relies on People v. Baskin, 38 Ill2d 141, 230 NE2d 208. In Baskin the defendant appealed, complaining that his constitutional right to a speedy trial had been violated. The court said at page 145, "In the present case the defendant was at liberty on bond at all times subsequent to the filing of the complaint. The original request for a jury trial cannot be considered as a demand for immediate trial, but only a demand that when trial was held it would be before a jury." It was incumbent upon the defendant to make a demand for trial in order to avail himself of his statutory right to a speedy trial. No such demand appears in the record. Therefore the order dismissing the complaint and discharging the defendant is reversed and the cause is remanded with directions that it be reinstated and for further proceedings.

Order reversed and cause remanded with directions.

McNAMARA and LYONS, JJ., concur.