THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* THURMAN WYATT, Defendant-Appellee.

First District (1st Division)   No. 76-305

Opinion filed April 4, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Renee G. Goldfarb, Assistant State's Attorneys, of counsel), for the People.

T. Lee Boyd, Jr., and Isaiah S. Grant, both of Chicago, for appellee.

Mr. JUSTICE BUA delivered the opinion of the court:

■■ The defendant's indictment for murder was dismissed on grounds that he was not brought to trial within 160 days of his demand for trial, as required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)). As permitted by Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)) the State brings this appeal. While the defendant-appellee has failed to file a brief with this court, we feel that the simplicity of the record and the nature of the alleged error permit us to decide the merits of the appeal without the aid of an appellee's brief. (See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) In this situation we will accept as accurate the recitation of the facts contained in the appellant's brief. See *People v. Bohannon* (1976), 38 Ill. App. 3d 489, 348 N.E.2d 249.

Thurman Wyatt was indicted for murder in February, 1974. He was released on bail to await his trial. From that time until June 4, 1975, the matter was continued on several occasions. Some of these continuances

were granted at the request of the defendant. On June 4, 1975, the defendant answered ready for trial, and requested a jury. In response to the State's motion for a continuance, counsel for the defendant stated that he "adamantly" objected to any further continuance of the matter. Over this objection, the court granted a continuance to July 10, 1975. After further delays, the defendant made a motion on December 2, 1975, pursuant to section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1), to dismiss the indictment, alleging that he had not been tried within 160 days of his demand for trial as required by section 103—5(b) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)). Finding that the defendant's actions on June 4, 1975, some 181 days prior to December 2, were in effect a demand for trial within the meaning of the statute, the trial judge granted the defendant's motion and dismissed the case. From this dismissal the State appeals.

■■ ■ The issue on appeal is a simple one. We need only decide whether the defendant's actions on June 4, 1975, were such as to constitute a demand for trial as required by the statute. Section 103—5(b) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)) reads in pertinent part:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date the defendant demands trial unless delay is occasioned by the defendant
> * * * ."

In order to commence the running of the 160-day period the defendant must demand trial by way of a formal motion, either oral or written, which is preserved in the record. (*Village of Midlothian v. Walling* (1969), 118 Ill. App. 2d 358, 255 N.E.2d 23; *People v. Rockett* (1967), 85 Ill. App. 2d 24, 228 NE.2d 219.) Merely indicating readiness to proceed with trial does not in itself constitute a formal demand for trial (*People v. Lacob* (1971), 2 Ill. App. 3d 97, 276 N.E.2d 127), nor does requesting that trial be by jury. (*People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Kuhn* (1968), 103 Ill. App. 2d 396, 243 N.E.2d 684.) Finally, the defendant's objections to a continuance cannot properly be characterized as a formal demand for trial. In *People v. Lacob*, counsel for the defendant indicated that he was "upset" with the prospect of a continuance, and wished to begin trial without delay. This was found not to constitute a sufficient demand for trial. The crucial distinction drawn was that between objecting to a continuance out of a desire to proceed with trial on a particular day, and invoking the statutory right to be tried at some time within the next 160 days. Indeed, such a distinction seems inherent in the very notion of a formal demand for trial, since in this context the word "formal" clearly implies some specific action taken solely and expressly for the purpose of marking the beginning of the 160-day period.

Since the defendant failed to make a demand for trial at least 160 days prior to his motion to dismiss the indictment, the judgment of the Circuit Court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McGLOON and O'CONNOR, JJ., concur.