THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY SCHOO, Defendant-Appellant.

Second District   No. 76-319

Opinion filed December 2, 1977.

Thomas H. Rudnik, of Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Phyllis J. Perko and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Gary Schoo, was found guilty in a bench trial of the delivery of less than 30 grams of a substance containing cocaine (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)) and was sentenced to the penitentiary for a term of 18 to 54 months imprisonment.

On appeal he contends (1) that the witness who testified for the State identifying a substance as containing cocaine was not qualified as an expert; (2) that the State failed to establish a proper chain of possession of the substance allegedly containing cocaine; and (3) that he was not tried within 160 days after his demand for trial and is entitled to discharge.

The transactions upon which this conviction is based occurred on January 28, 1975, in Roselle, Illinois, when defendant approached Steve Weber, an agent of the Metropolitan Narcotics Enforcement Group, and gave him a clear plastic bag containing a white powder and received $1,800 in cash from Weber. Defendant was then arrested and, after processing at the Roselle Police Department, was released on bail.

The plastic bag and contents were locked in an evidence room and on February 20, 1975, were transported to the laboratory of the Illinois Bureau of Identification in Joliet, Illinois, by laboratory technician John Wagner. Wagner arrived at the crime lab at 5:45 a.m. and was instructed by the person on duty to lock the evidence in a locker there, which he did; he then turned the key over to the laboratory attendant. Later that morning at 9:30 a.m. a supervisor removed the evidence from the locker and it was subsequently examined in the laboratory by Kenneth Raiser, a criminalist for the Illinois Bureau of Investigation, who testified in the trial as to its contents.

On March 12, 1975, the case was set for preliminary hearing in the Circuit Court of Du Page County and defendant, who was on bail, appeared with his counsel at the appointed time. Defendant's attorney stated, "Defendant is ready" when the case was called, but the State requested and was granted a continuance of the hearing to April 8, 1975, because the laboratory report of the substance delivered by defendant was not yet available. Again, on April 8, 1975, defendant appeared with his attorney and, again, the People requested an additional continuance because the report was still not available. Defendant, by his attorney, resisted the continuance stating, "I do object to this motion, your Honor, and we're ready." The court then denied the State a further continuance and granted defendant's motion to dismiss the complaint against him and he was discharged.

In July 1975 the grand jury of Du Page County returned an indictment against defendant on the present charge based upon the same transaction we have described. He was tried before the court and convicted on

November 3, 1975, that being more than 160 days after his earlier court appearances in which he had stated he was ready.

■■■ The State contends in its brief that defendant has waived his claims of error by his failure to file any post-trial motion (either oral or written) as required by section 116—1(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 116—1(b)). The general rule is that such failure constitutes a waiver of those issues, now claimed to be trial error, which should have been first presented to the trial court for its review and possible correction thus avoiding an unnecessary appeal. (See *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Irwin* (1965), 32 Ill. 2d 441, 207 N.E.2d 76; *People v. Douthit* (1977), 51 Ill. App. 3d 751, 366 N.E.2d 950; *People v. Hammond* (1977), 48 Ill. App. 3d 707, 362 N.E.2d 1361.) Although Supreme Court Rule 615(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court," the rule is not invocable in every case (*People v. Killebrew* (1973), 55 Ill. 2d 337, 303 N.E.2d 377). We may similarly take notice of defects in the trial which were not preserved for review if the evidence is closely balanced, but the appellate court is not mandated to do so. *People v. Stinnette* (1977), 49 Ill. App. 3d 134, 363 N.E.2d 945; *People v. Harvey* (1976), 41 Ill. App. 3d 869, 354 N.E.2d 393.

■■■ The evidence presented in this case was not closely balanced; defendant presented none to rebut that offered by the State. We have considered the qualifications of the expert witness who identified the product sold by defendant and the record demonstrates he possessed a degree in chemistry and had substantial training and experience in drug analysis, doing so on a full time basis at the laboratory of the Illinois Bureau of Identification. He was qualified by his skill, training and experience to express the opinion objected to by defendant. (See *People v. Pruitt* (1974), 16 Ill. App. 3d 930, 307 N.E.2d 142, *cert. denied* (1974), 419 U.S. 968, 42 L. Ed. 2d 184, 95 S. Ct. 232.) Similarly, we have considered defendant's contention regarding the chain of possession of the substance sold by defendant and find no evidence of substitution, alteration, tampering or misidentification. (See *People v. Kristovich* (1975), 32 Ill. App. 3d 979, 336 N.E.2d 772.) In these circumstances we find these claims of error to have been waived by defendant and will not consider them further.

Defendant's final contention, that he was deprived of his constitutional and statutory right to a speedy trial, after his demand for trial, will be considered. This issue was first presented to the trial court by defendant's written motion for discharge made prior to trial and, after consideration,

was denied by the court. For that reason we will not consider the issue waived, in this case, even though defendant failed to preserve it by filing a post-trial motion. See *People v. Morgan* (1976), 44 Ill. App. 3d 459, 358 N.E.2d 280; *People v. Johnson* (1973), 14 Ill. App. 3d 254, 302 N.E.2d 430.

Section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) provides as follows:

"§103—5 Speedy Trial.)

\* \* \*

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial \* \* \*.

\* \* \*

(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

Defendant contends he invoked these provisions on March 12, 1975, when he appeared for the preliminary hearing and announced, "Defendant is ready," and again on April 8, 1975, when he appeared for the continued preliminary hearing, objected to a further continuance requested by the People, and stated, "We're ready."

While more than 160 days did elapse from March 12 and April 8, 1975, to his trial, defendant is not entitled to discharge as he was not in custody and had not communicated to the court a demand for trial so as to commence the running of the 160-day term.

■■ As defendant argues, there are no magic words required to make an effective demand for trial, but there must be some affirmative conduct by a defendant informing the court of his demand for trial. Obviously, the simplest and clearest method for a defendant to follow to invoke his right to a prompt trial would be to file a written motion with the trial court stating, "I demand trial." In that event both the trial court and the State would be clearly advised, as they are entitled to be, and defendant would be assured of either his trial or his discharge. Where, as in this case, the only communication by defendant announced his "readiness" when the case was called for preliminary hearing, neither the court nor the State could reasonably have been put on notice defendant was demanding trial of the merits of the case. We do not suggest that a demand for trial need always be in writing, although that would be the better practice, but it must be clear, unequivocal and apparent from the record of the case. (*People v. Placek* (1975), 25 Ill. App. 3d 945, 950, 323 N.E.2d 410, 413; *People v. Wyatt* (1977), 47 Ill. App. 3d 686, 688, 365 N.E.2d 373, 375; *Village of Midlothian v. Walling* (1969), 118 Ill. App. 2d 358, 362-63, 255 N.E.2d 23, 25; *People v. Rockett* (1967), 85 Ill. App. 2d 24, 28, 228 N.E.2d 219, 222; see also *People v. Snyder* (1975), 32 Ill. App. 3d 1003, 1004, 337

N.E.2d 108, 109.) An argument similar to that made by defendant here was advanced in *People v. Lacob* (1971), 2 Ill. App. 3d 97, 276 N.E.2d 127 (abstract). There defendant and his counsel appeared and answered the trial call stating, "The defendant is here and ready." In rejecting a contention this constituted a demand for trial to cause the statute to commence to run, the court stated:

> "A careful examination of the record of November 3, 1969, shows that no oral or written demand for trial was made on that date. Defendant answered, "here and ready" for trial, and while such a posture would be necessary should a demand be made, the act of readiness does not, of itself, constitute a formal demand for trial."

In the circumstances of the instant case it cannot fairly be said defendant was demanding an immediate trial when he announced his readiness and his constitutional and statutory rights to a speedy trial were not violated. The judgment of the Circuit Court of Du Page County will be affirmed.

Affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.