THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIAM HAROLD HAMILTON, Defendant-Appellee.

Second District   No. 78-128

Opinion filed October 18, 1978.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

No appearance for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The State appeals from a judgment dismissing an information charging defendant with aggravated incest for failure to afford defendant a trial within 160 days from his alleged demand for trial. (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b).) The defendant has not appeared in this court but we review pursuant to the direction of *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). We reverse and remand with directions to vacate the order of dismissal and to proceed on the merits.

The defendant was arrested on the charge on February 14, 1977, and released on bail the next day. A written demand for trial appears in the common law record dated March 22, 1977, filed stamped in the clerk's office June 15, 1977. There is no evidence in either the common law record or in the transcripts of various hearings before the court prior to October 25, 1977, that either the court or the State was notified or was aware of the demand. The State admits that they did not bring defendant to trial within 160 days from June 15, 1977, which would have required trial before November 22, 1977. However, they argue that they had no notice of the filing of the demand in the clerk's office until October 25, 1977, when, upon defendant's arraignment, the court advised the State that the file showed a written demand dated March 22; that the time begins to run only from the date a demand for trial is communicated to

the State which would provide 160 days from October 25, 1977; and that this time had not passed at the time the information was dismissed. The State also argues that the defendant contributed to the delay by requesting two weeks time to file motions during the October 25 hearing.

■■ We are aware of no authority that the mere filing of a written demand with the clerk of the circuit court constitutes a demand for trial pursuant to the 160-day rule. It has been consistently held that there must be some affirmative conduct by a defendant which clearly and unequivocally puts the court and the State on notice that the defendant is demanding trial and this must be reflected on the record. (See, *e.g., People v. Schoo*, 55 Ill. App. 3d 163, 166 (1977).) Thus, in *People v. Rockett*, 85 Ill. App. 2d 24, 28 (1967), we held that where no docket entry had been made showing a demand for trial we would conclude that no such demand had been made and would not permit the record to be impeached by a self-serving affidavit of the defendant to the contrary. In *People v. Uryasz*, 32 Ill. App. 3d 825, 827 (1975), the showing in the common law record of a demand for trial together with proof that the demand was served by mail on the People was held to satisfy the rule. In *People v. Snyder*, 32 Ill. App. 3d 1003-04 (1975), an entry on the docket sheet was held sufficient to show the demand without the requirement of a written motion. In *People v. Wyatt*, 47 Ill. App. 3d 686, 688 (1977), it was noted that the defendant "must demand trial by way of a formal motion, either oral or written, which is preserved in the record." In *People v. Coleman*, 50 Ill. App. 3d 40, 42 (1977), it was noted that, while no particular words are required to constitute a demand there must be an affirmative statement which is unambiguous and which is designed to communicate the fact of the demand to the court by a formal motion preserved in the record.

■■ Following these principles we must conclude that the record does not properly reflect a demand for trial. There is no affirmative statement on behalf of the defendant (who was, at all times, out on bond) which would clearly evidence a demand for trial prior to the court's noting the state of the record on October 25, 1977; and no evidence by way of a docket entry which could reflect the fact that the demand for trial was ever served on the People or otherwise brought before the court and opposing counsel. We therefore reverse the judgment and remand the cause to the trial court with directions to vacate the order of dismissal and to proceed to trial on the merits.

As a consequence of our holding we do not consider the People's further argument that there was delay attributable to the defendant. See *People v. Donalson*, 64 Ill. 2d 536 (1976), which extended the time for trial.

Reversed and remanded with directions.

GUILD and WOODWARD, JJ., concur.