THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TONY JENKINS, Defendant-Appellant.

First District (4th Division)   No. 77-656

Opinion filed October 26, 1978.

James J. Doherty, Public Defender, of Chicago (Vito A. Colucci and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Tony Jenkins, was convicted of robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—1) after a bench trial, and was sentenced to a term of 2 to 6 years. The sole issue presented for review is whether defense counsel's oral assertion that he was ready for trial constituted a formal demand for trial pursuant to section 103—5(b) of the Four Term Act (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)). We agree with the trial court that it was not and we affirm the conviction.

Defendant was released on bail prior to trial. On January 26, 1976, when defendant's case was called, the trial court indicated that it was engaged on a different matter and another date would be set for defendant's trial. Defense counsel stated: "For the record, your Honor, we will answer ready for trial. We will indicate it will be a bench trial." The case was then continued until March 3, 1976, at which time defense counsel stated: "We're answering ready and respectfully demanding trial."

The case was subsequently continued until June 1, 1976, because the court was engaged in other matters. At that time, the following colloquy took place:

"[THE STATE]: 20th of July, your Honor?

THE COURT: How does that look?

[DEFENSE COUNSEL]: Sounds good.."

On July 20, 1976, defense counsel presented a motion for discharge pursuant to the Four Term Act, arguing there had been a demand for trial on January 26, 1976, and that the words "For the record, your Honor, we will answer ready for trial," constituted a demand for trial. The court denied the motion and defendant contends this was error.

Section 103—5(b) of the Code of Criminal Procedure provides in pertinent part:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant * * *."

Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b).

The rule for determining when a demand for trial is made was recently set forth in *People v. Schoo* (1977), 55 Ill. App. 3d 163, 166, 371 N.E.2d 86, 89. The court summarized the rule as follows:

"As defendant argues, there are no magic words required to make an effective demand for trial, but there must be some affirmative conduct by a defendant informing the court of his demand for trial. Obviously, the simplest and clearest method for a defendant to follow to invoke his right to a prompt trial would be to file a written motion with the trial court stating, 'I demand trial.' In that event both the trial court and the State would be clearly advised, as they are entitled to be, and defendant would be assured of either his trial or his discharge. Where, as in this case, the only communication by defendant announced his 'readiness' when the case was called for preliminary hearing, neither the court nor the State could reasonably have been put on notice defendant was demanding trial of the merits of the case. We do not suggest that a demand for trial need always be in writing, although that would be the better practice, but it must be clear, unequivocal and apparent from the record of the case."

Also see *People v. Wyatt* (1977), 47 Ill. App. 3d 686, 688, 365 N.E.2d 373, 375.

It is apparent by these standards that counsel's statement on January 26, 1976, merely indicated readiness for trial and did not constitute a demand for trial; it was not sufficient to put the court or State on notice that defendant was demanding a trial on the merits of the case.

This conclusion is supported by subsequent events. On March 3, 1976, in contrast to January 26, 1976, defense counsel made his demand in unequivocal terms by not only answering ready for trial but also by plainly demanding trial. On June 1, 1976, defense counsel acquiesced in a continuance until July 20, 1976, without indicating that the term would

run on July 5, 1976, 160 days after January 26. Thus, it is apparent that counsel did not believe that the statement on January 26, 1976, marked the beginning of the period. Furthermore, the agreed continuance on June 1, until July 20, 1976, would in any case have been a waiver of defendant's right to a speedy trial on July 5, 1976. We find no merit to defendant's contention that there was a violation of section 103—5(b).

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, P. J., and ROMITI, J., concur.