THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
CURT O'CONNOR, Defendant-Appellee.

First District (4th Division)   No. 77-1728

Opinion filed November 30, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

John C. Ambrose, of Chicago, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:
Defendant Curt O'Connor was charged with aggravated assault (Ill. Rev. Stat. 1975, ch. 38, par. 12—2(a)(6)), but the complaint was dismissed because he was not afforded a speedy trial. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b).) The State appeals, contending that defendant did not properly assert a demand for trial, and therefore the 160-day period in which to proceed to trial as set forth in the statute was not violated.

We reverse and remand.

The record indicates that defendant and others were arrested for the offense, and defendant was released on bail. However, on August 20, 1975, a bond forfeiture warrant was issued for his arrest. During this time defendant was represented by retained counsel. On October 29, 1975, which involves the determinative proceedings for this appeal, the transcript of proceedings reads:

"THE CLERK: Curt O'Connor, Joseph Dansell, complainant.
MR. KUNZ [assistant public defender]: Your Honor, defendant is asking for a jury trial.
THE COURT: Branch 46, November 25. Your cases are transferred up to Branch 46 at 321 North La Salle on November 25. Got that?"

The common law record reflects that "Defendant demands trial by jury." Apparently, at this time defendant was released on bail.

Thereafter, the case was continued against defendant and his co-defendants until June 11, 1976, when defendant's retained counsel filed a petition for discharge in which it was asserted that defendant had not been brought to trial within 160 days as required by section 103—5 of the Code of Criminal Procedure. In his motion counsel also included his affidavit in which counsel averred that on October 29, 1975, he, not the public defender, appeared before the trial court, and that he requested an immediate jury trial for defendant. After hearing argument on the matter,

the trial court dismissed the charge. Its reason was predicated on the recital—in—the common law record for October 29, 1975, in which defendant requested a jury trial. The court concluded that this evinced a sufficient demand for an immediate trial under section 103—5(b) of the Code of Criminal Procedure thus requiring the State to try defendant within 160 days thereafter which did not occur.

The State maintains that the record demonstrates that on October 29, 1975, defendant merely demanded a trial by jury and not an immediate trial. The State argues that defendant's request was not sufficient to activate the provisions of section 103—5(b) which provides that "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial * * * ." (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b).) The State's position is amply supported by case authority. *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Dimond* (1977), 54 Ill. App. 3d 146, 369 N.E.2d 383, *appeal denied* (1978), 71 Ill. 2d 599; and *People v. Wyatt* (1977), 47 Ill. App. 3d 686, 365 N.E.2d 373.

Defendant, however, relies upon the affidavit of his retained counsel to the effect that on October 29, 1975, a demand for an immediate trial was made. He additionally depends on representations made by Mr. Kunz, the assistant public defender, who later informed the court that he did not demand a jury trial for defendant on October 29, 1975. Defendant therefore urges that the record is faulty as to what actually transpired. Defendant also claims that during the hearing on his motion to dismiss the charge the State conceded that a demand for trial was made on November 25, 1975. Defendant concludes that, if this is true, then there was another violation of section 103—5(b). Finally, defendant maintains that the delay now occasioned would prejudice his defense.

■■ We initially dispose of defendant's reference to the proceedings on November 25, 1975. Neither the common law record nor transcript of proceedings for that date established that a demand for an immediate trial was made. Rather, the record indicates that defendant did not even appear in court that day, and the matter was continued until January 30, 1976. It is apparent that subsequent reference to the events transpiring on November 25, 1975, was clearly erroneous and does not support a basis for defendant's discharge.

■■ ■ The record concerning the proceedings on October 29, 1975, demonstrates a possible inconsistency concerning who represented defendant at those proceedings. It appears that retained counsel had apparently represented defendant before that time. Examination of the record permits the inference that the court reporter may have misidentified the assistant public defender and defendant's retained counsel. But even if this did occur, it would not affect our determination

because the record taken as a whole does not establish that a clear and unequivocal demand for an immediate trial was made on behalf of defendant (*cf. People v. Schoo* (1977), 55 Ill. App. 3d 163, 371 N.E.2d 86, *appeal denied* (1978), 711 Ill. 2d 600; and retained counsel's contrary affidavit is insufficient to impeach the verity of the record in this regard. *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457; *People v. O'Shea* (1975), 26 Ill. App. 3d 826, 326 N.E.2d 230.

■■ We would further note that defendant did not seek a hearing to establish the validity of the contents of counsel's affidavit regarding his recollection of a demand for an immediate trial. (*People v. Chitwood* (1977), 67 Ill. 2d 443, 367 N.E.2d 1331.) Thus it cannot be said that such averment is germane to this appeal. *People v. Johnson* (1976), 42 Ill. App. 3d 425, 355 N.E.2d 699, *appeal denied* (1977), 65 Ill. 2d 579.

■■ Finally, we conclude that any delay occasioned in this matter has not been shown to deprive defendant of his constitutional right to a speedy trial. See generally *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182.

Accordingly, the judgment of the circuit court of Cook County dismissing the complaint against defendant is reversed and the cause remanded for further proceedings.

Reversed and remanded.

JOHNSON, P. J., and LINN, J., concur.