THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TERRANCE MOORE, Defendant-Appellee.

First District (2nd Division)    No. 80-1785

Opinion filed August 18, 1981.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Ralph Ruebner and Susan Kaplan, both of State Appellate Defender's Office, of Chicago, for appellee.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

The State appeals from an order entered May 29, 1980, dismissing the charges against defendant on the ground that he had not been brought to trial within 160 days of his demand for trial as required by statute. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b).) The issue raised on appeal is whether the trial court properly dismissed the charges against defendant for want of a speedy trial.

On February 3, 1979, defendant was arrested and charged with armed robbery, two counts of attempt armed robbery, and aggravated battery. On February 14, 1979, he appeared with retained counsel, posted bond, and was released. The matter was continued to February 28, 1979. On that date defendant again appeared with counsel for a preliminary hearing in which probable cause was found. The matter was ordered transferred to the chief judge for further proceedings to be held on March 14, 1979.

At the conclusion of the February 28 hearing, the following colloquy took place:

"Mr. Yonan [defense counsel]: Please, let the record reflect that we are *still ready for trial.*

The Court: The *trial demand* will show." (Emphasis supplied.)

On March 14, 1979, defendant appeared in room 404 of the Criminal Court Building, with his mother and counsel. A clerk informed them that

the case was not on the court call and they would be advised of the next court date by mail. On March 20, 1979, the case was taken before the Cook County grand jury, which returned a true bill. Arraignment was set for April 12, 1979. Defendant failed to appear on that date. His bond was forfeited, and a warrant was issued for his arrest. On September 27, 1979, defendant appeared before a second judge and moved to vacate the bond forfeiture and quash the warrant, alleging the facts concerning his March 14, 1979, trip to the courthouse and that to that date he had not received such notification, but was informed of the true bill and warrant issuance only after defense counsel searched the clerk's office municipal file. For the aforementioned reasons, defendant claimed, he failed to appear in court on April 12, 1979. The bond forfeiture was vacated, warrant quashed, and defendant was arraigned on the indictment. The case was assigned to a third judge, and a continuance was granted at defense counsel's request until October 4, 1979. Also on September 27, 1979, defendant moved to compel disclosure of all evidence favorable to him. Between October 4, 1979, and April 18, 1980, the case was continued either on motion of defendant or by agreement.

On April 18, 1980, defendant was granted a conference with the court. He was admonished as to the charges against him and the possible penalties upon conviction. The judge determined that defendant was satisfied with his attorney, and informed him that after hearing a summary of the case and of defendant's background the court would decide what punishment it would impose on a plea of guilty, if defendant would so plead. The case was continued by agreement until May 1, 1980.

On May 7, 1980, defendant moved for discharge alleging he had not been brought to trial within 160 days of a trial demand as required under section 103—5(b) of the Criminal Code of 1963. On May 29, 1980, a hearing was held on that motion. It was stipulated that following the return of the indictment against defendant, a letter informing him of that fact, and of the April 12, 1979, court date, had been mailed to his last known address. Defendant and his mother testified that no such letter had been received at their home. Defense counsel testified as to numerous efforts on his part to determine the status of the case. The State argued that no trial demand had ever been made and that a statement that one is "ready for trial" is not such a demand. The court found that: a trial demand had been made at the conclusion of the preliminary hearing on February 28, 1979; the State waived any claim that such a demand should have been in writing by failing to object at that time; the State did not rely on the absence of a trial demand or on subsequent demands; and, delay in bringing defendant to trial was in no way caused by him. The charges against defendant were dismissed, and the State appeals.

■■ The State argues that the court improperly dismissed the charges against defendant since he had not made a trial demand sufficient under

the statute to trigger the 160-day period within which defendant must be brought to trial. The State maintains that a trial demand must be of record, and must be clear, unequivocal or apparent, citing *People v. Althide* (1979), 71 Ill. App. 3d 963, 389 N.E.2d 240, *People v. O'Connor* (1978), 66 Ill. App. 3d 786, 384 N.E.2d 149, *People v. Jenkins* (1978), 65 Ill. App. 3d 305, 382 N.E.2d 638, and *People v. Dimond* (1977), 54 Ill. App. 3d 146, 369 N.E.2d 383, in each of which, except for *Jenkins*, it was held that a jury demand does not constitute a sufficient trial demand under the statute. More analogous to the instant case, however, are the facts in *People v. Wyatt* (1977), 47 Ill. App. 3d 686, 688, 365 N.E.2d 373, in which defense counsel advised the court that defendant was "ready for trial," and adamantly objected to further continuances by the State. The court there held that a defendant must demand trial by way of a formal motion, either oral or written, preserved in the record. A formal motion was said to imply some action taken solely and expressly to mark the beginning of the 160-day period. Merely indicating readiness for trial does not in itself constitute a formal demand for trial. Citing *Wyatt*, the court in *People v. Hamilton* (1978), 65 Ill. App. 3d 261, 381 N.E.2d 1168, suggests that the "formal motion" must be one which puts the court and the State on notice that a trial demand is being made. In *Hamilton*, defendant filed a written trial demand with the clerk's office which never became part of the common law record and of which neither the court nor the State was aware. The same circumstances occurred in *People v. Jones* (1981), 84 Ill. 2d 162, 417 N.E.2d 1301, in which the supreme court approved the decision reached in *Hamilton*.

■■ The prerequisities for speedy trial demands identified in *People v. Jones, People v. Wyatt,* and *People v. Hamilton* were substantially fulfilled in the instant case. The record reveals here that the State was represented in court and was clearly put on notice that the statutory period had commenced, unlike the circumstances in *Jones* and *Hamilton*. When defense counsel made his statement, the State did not object to his oral assertion of readiness for trial, as to either form or content. Although, it is true that the mere announcement of being "ready for trial," by itself, is insufficient to serve as a demand for trial, that statement in the instant case was coupled with the court's construction of the statement as a demand for trial when the court made its declaration, "the trial demand will show." Significantly, the State did not object to the court's construction of defense counsel's statement. Neither in *Jones, Jenkins,* nor *Wyatt* was there a ruling by the trial court, as here, that a trial demand had been made for the record. Further, in *Jenkins*, the appellate court decided that a trial demand had not been made because defense counsel had made a subsequent unequivocal demand for trial, in contrast with the absence of a subsequent demand in the present case.

The State contends that events which took place after the alleged trial

demand indicate that defendant had been neither ready nor willing to proceed to trial on February 28, 1979, relying on the fact that in September 1979 defendant moved for discovery and for a continuance into October; that in April 1980, defendant sought a conference presumably to assess the option of entering a guilty plea; and that other continuances were obtained by defendant or acquiesced in by him. These subsequent events are dissimilar to those which occurred in *People v. Jenkins*, upon which the State relies, since in *Jenkins*, defendant demanded trial subsequent to the first questionable demand, in addition to his request, within the crucial period, for a continuance to a date beyond that period, which the appellate court considered in reaching its conclusion. The State also relies on *People v. Farrell* (1980), 89 Ill. App. 3d 262, 264, 411 N.E.2d 927, in which it was held that the defendant's right to a speedy trial was not violated where, of 187 days which had elapsed since his trial demand, "26 were chargeable to motions by the State, 55 were by agreement and 106 were by motion of the defendant." No analogous events are shown by the record in the present case.

■■ Although delays attributable to defendant, including continuances, would toll the running of the 160-day period, this rule logically applies only to delays occurring "within the period in question." (*People v. Gooding* (1975), 61 Ill. 2d 298, 301, 335 N.E.2d 769, quoting with approval from *People v. Rankins* (1960), 18 Ill. 2d 260, 262, 160 N.E.2d 814, *cert. denied* (1960), 363 U.S. 822, 4 L. Ed. 2d 1520, 80 S. Ct. 1265.) In the instant case, continuances sought or agreed to by defendant were granted after August 7, 1979, the last day of the statutory period, not before that time. Therefore, they did not contribute to delays "within that period." Defendant need only request discharge, under the statute, before conviction. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b), (d); *People v. Gibson* (1975), 30 Ill. App. 3d 555, 558, 333 N.E.2d 549, and cases therein collected.) Defendant's failure to appear in court on April 12, which did occur within the statutory period, was found by the trial court not to be attributable to defendant. The evidence in the record supports that conclusion.

For the foregoing reasons, there is no basis upon which to find an abuse of discretion in the trial court's decision. (*People v. McClure* (1979), 75 Ill. App. 3d 566, 394 N.E.2d 833; *People v. Arch* (1975), 33 Ill. App. 3d 331, 337 N.E.2d 221.) Accordingly, that decision must be affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.