*In re* A.F., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. A.F., a Minor, Respondent-Appellee).

First District (6th Division)　No. 1—95—2742

Opinion filed July 31, 1996.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Assistant State's Attorney, of counsel), for the People.

Victor F. Ciardelli, of Ciardelli & Cummings, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

The State appeals from a circuit court order granting the minor-respondent's motion for discharge. On appeal, the State contends that the court improperly granted respondent's motion to discharge because the Juvenile Court Act of 1987's 120-day "speedy-trial" period did not expire. 705 ILCS 405/5—14(a)(1) (West 1992).

Respondent was charged with arson on April 23, 1994, and appeared with his attorney before the trial court on June 30, 1994. The court granted the State's motion for a continuance, setting the adjudicatory hearing for September 12, 1994. When respondent and the State answered ready on that date, the court marked the case "final" and set a November 22, 1994, hearing date. Respondent answered ready on that date, but because the police witnesses were not present, the State nol-prossed the charge. The State reinstated the charge on January 27, 1995, and respondent answered ready and demanded a hearing. The court continued the case until March 16, 1995, when respondent filed a motion to discharge for failure to bring the case to a hearing within the required time. The court continued the case until April 7, 1995, for arguments, when respondent and the State relied on their motions without arguments. The court subsequently granted respondent's motion to discharge and denied the State's motion to reconsider.

■ On appeal, the State contends that the court improperly granted respondent's motion to discharge because respondent did not formally demand the adjudicatory hearing more than 120 days before respondent moved to discharge. We will not reverse the court's decision absent abuse of discretion. *People v. Moore*, 99 Ill. App. 3d 664, 668 (1981). The Juvenile Court Act states that "[w]hen a petition has been filed alleging that the minor is a delinquent minor, an adjudicatory hearing must be held within 120 days of a written demand for such hearing." 705 ILCS 405/5—14(a)(1) (West 1992). As with the Code of Criminal Procedure of 1963's similar "speedy-trial" provisions (725

ILCS 5/103—5 (West 1992)), the 120-day period begins to run when either party makes a formal demand for trial (*Moore*, 99 Ill. App. 3d at 667) by making an affirmative statement in the record indicating the trial demand. *People v. Ground*, 257 Ill. App. 3d 956, 959 (1994). Stating readiness for trial by itself does not equal a formal trial demand. *Moore*, 99 Ill. App. 3d at 667. For respondent to make a formal demand for trial, there must be affirmative conduct on the record clearly and unequivocally putting the court and the State on notice of the trial demand. *People v. Hamilton*, 65 Ill. App. 3d 261, 263 (1978).

■ Respondent contends that he answered ready for an adjudicatory hearing on June 30, 1994, but the record does not reflect such a statement by respondent or the State. Rather it shows that the court set a September 12, 1994, hearing date. However, the court and the State were on notice of respondent's formal demand for a hearing on September 12, 1994. In *Moore*, the trial court stated on the record after defendant answered ready for trial, that "the trial demand will show." *Moore*, 99 Ill. App. 3d at 667. In this case, after respondent and the State answered ready, the court marked the case "final" on September 12, 1994, setting a November 22, 1994, hearing date. Similar to *Moore*, this "final" status indicated that the court, and the State were notified that respondent made a formal demand for an adjudicatory hearing.

Although respondent put the court and the State on notice of a formal demand for trial on September 12, 1994, the State's *nolle prosequi* of the charge on November 22, 1994, tolled the "speedy-trial" period until it reinstated the charge on January 27, 1995. A *nolle prosequi* ordinarily terminates pending charges and tolls the "speedy-trial" period until the State reinstates the charges. *People v. Young*, 220 Ill. App. 3d 488, 496 (1991). Although the 120-day "speedy-trial" period began on September 12, 1994, only 119 days had run when respondent filed the motion to discharge on March 16, 1995: 71 days between September 12 and November 22, and 48 days between January 27 and March 16.

A *nolle prosequi* will not toll the "speedy-trial" period if the State uses it to cause delay or to avoid statutory limitations. *People v. Decatur*, 191 Ill. App. 3d 1034, 1038 (1989). We must inquire whether the State abused its power to use the *nolle prosequi* and whether the refiling of the charge was "vexatious, repetitious or employed to manipulate the proceedings in order to evade or frustrate the purpose of the speedy-trial" period. *Decatur*, 191 Ill. App. 3d at 1038. In *Decatur*, the State refiled charges eight months after it nol prossed the case, and the appellate court found no such abuse of power. As in *Decatur*,

there is no indication that the State used the *nolle prosequi* to gain a tactical advantage over respondent which placed him in a more disadvantageous position or frustrated his "speedy-trial" interests. *Decatur*, 191 Ill. App. 3d at 1039-40. Here, the State requested it because the police witnesses were not present on the November 22, 1994, hearing date and refiled the charges two months later. As in *Decatur*, respondent did not suffer prehearing incarceration and did not have the constant threat of prosecution because the charges were not pending after the *nolle prosequi*. *Decatur*, 191 Ill. App. 3d at 1040. After the *nolle prosequi*, respondent was in the same position, he was in before the original petition was filed. *Decatur*, 191 Ill. App. 3d at 1040.

The trial court therefore erred in granting respondent's motion for discharge. Accordingly, we reverse the circuit court's order and remand the cause for further proceedings consistent with this order.

Reversed and remanded.

EGAN and RAKOWSKI, JJ., concur.