No. 2--06--0378      Filed: 2-6-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--4391 |
| JEROME A. MURRAY, | ) ) | Honorable Fred L. Foreman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the opinion of the court:

Jerome A. Murray appeals his conviction of and sentence for possession of a controlled substance with intent to deliver (720 ILCS 570/401(d) (West 2004)). He contends that his conviction should be vacated and the case dismissed because he was denied his statutory right to a speedy trial (725 ILCS 5/103--5(a) (West 2004)) and that his trial counsel was ineffective for failing to raise the issue in a motion to discharge. The State argues that he failed to effectively object to delays by making an affirmative demand for trial on the record. We affirm.

I. BACKGROUND

On December 3, 2004, Murray was charged by complaint with obstructing justice (720 ILCS 5/31--1 (West 2004)), possession of a controlled substance (720 ILCS 570/402 (West 2004)), and possession of a controlled substance with intent to deliver (720 ILCS 570/401(d) (West 2004)). On

December 4, 2004, the public defender appeared and filed a written speedy-trial demand. Bond was set, but Murray remained in custody.

The case was initially set for a preliminary hearing on December 27, 2004, but on December 22, 2004, Murray was indicted for the offenses of possession of a controlled substance and possession with intent to deliver. The State was ordered to notify defense counsel, and the case was continued to January 6, 2005, for arraignment. On that day, private counsel appeared, the public defender was discharged, Murray pleaded not guilty, and trial was set for February 28, 2005--a date within the 120-day statutory limit for bringing a defendant to trial (725 ILCS 5/103--5(a) (West 2004)).

On February 28, 2005, for unknown reasons and with neither party listed as present, the trial date was stricken from the call and continued until March 3, 2005. Between March 3 and May 16, 2005, there were various delays that Murray admits were attributable to him.

On May 16, 2005, without objection from Murray, the trial was continued until May 19 because the prosecutor was not prepared to proceed. On May 18, the State reindicted Murray on the same charges to remedy an error that occurred with the first indictments. Between May 19 and October 3, 2005, there were additional delays that Murray admits were attributable to him.

On October 3, 2005, Murray answered ready for trial and the State requested a continuance to October 5 for trial. Murray's attorney stated that "it would be charged to the State," but did not otherwise object. On October 5, the State requested another continuance and Murray stated that he wanted to replace his attorney. Trial was continued until October 11 without objection.

On October 11, 2005, the public defender appeared and the State requested another continuance. The State told the court that it believed there was no speedy-trial issue because previous delays were by agreement. Murray's attorney stated that this delay was over objection and

the trial court stated: "He has been in custody. He certainly wants a trial." The trial court noted the amount of time Murray had been in custody and stated that it was considering Murray's bond. After some discussion, the court asked Murray's attorney if the court should consider it further. When Murray's attorney answered "yes," the court stated: "I am a little bit concerned he has been in custody that long. We are talking about another continuance. There have obviously been several motions on this matter." The State repeated its belief that the delays were attributable to Murray, and the court continued the case until the next day for further consideration. In a docket entry, the court listed the delay as over Murray's objection.

On October 12, 2005, the State told the trial court that after the arraignment there was a period of 53 days that was not objected to or was by agreement. The State also informed the court that it was uncertain about the availability of a witness for proposed dates in October and that it might need to ask for another continuance. The court stated:

"I don't think--I mean he has been in custody for almost a year. If I'm going to set this for trial, its going to go to trial.

We have a very busy jury trial call. The defendant has waived his jury trial, but our next call is in November, and we have got many cases that are set for jury trial that day, so it will be--I was thinking in terms of setting this prior to that date for trial, prior to November 7."

When Murray's attorney was asked about dates, she stated that she was ready for trial "now." She then stated: "Judge, again I am answering ready now. Between now and whenever trial comes on, I obviously do not want anything charged to my client. If your honor is asking me the best dates between the 25th and November 7th? Any day."

The court continued trial until October 27 and stated: "I will note on the record that this is the State's continuance. It is over the objection of the Defendant." The court repeated its concern that Murray had been in custody for a considerable length of time, and it stated its intent for trial to be held on October 27. The State said that it might not be ready for the October 27 date because of a potentially unavailable witness and that it would know on October 25. The court told the State to file any motions to continue so that the court would have time to consider them, and it repeated its concern about the length of time Murray had been in custody.

On October 26, 2005, the State informed the court that it could not be ready for the October 27 date because the witness was unavailable. A hearing was held, but Murray's regular attorney could not be present because she was in court on another matter. Another attorney from the public defender's office appeared in court with Murray. The substitute attorney stated that Murray and his attorney were ready for trial and objected to the delay, but did not specifically restate a demand for trial or mention charging the time against the State. The attorney also stated that there would be a motion to reduce bond because of the amount of time Murray had been in custody. The court restated its hope to get the case resolved, and trial was set for November 14. The court stated that the delay was over Murray's objection, but did not show it as a trial demand in its docket entry.

On November 14, 2005, the State was again not ready for trial. Murray's attorney asked that Murray be released from custody. Stating that it was unfortunate that Murray had been in custody for so long, the court continued trial over Murray's objection. Over the State's objection, the court released Murray from custody on personal recognizance, with restrictions and a 24-hour curfew.

After November 14, 2005, trial was continued several more times over Murray's objection. Trial was ultimately held on February 14, 2006. Murray was convicted of possession with intent to deliver and sentenced to four years in prison. Murray appeals.

## II. ANALYSIS

Murray contends that his conviction and sentence should be vacated because he was denied his statutory right to a speedy trial when he was not brought to trial within 120 days of being placed in custody. Because his counsel did not file a motion to discharge, he also argues that his counsel was ineffective for failing to do so or in the alternative that the matter may be reviewed for plain error.

The State initially argues that Murray has waived his speedy-trial claim because he failed to move for discharge or otherwise raise the issue in the trial court. But while Murray may have waived his speedy-trial claim by failing to raise the issue in the trial court, his claim of ineffective assistance of counsel remains and we can also review the matter for plain error. See People v. Peco, 345 Ill. App. 3d 724, 728-29 (2004).

"A claim of ineffective assistance of counsel is judged according to the two-prong, performance-prejudice test established in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)." People v. Boyd, 363 Ill. App. 3d 1027, 1034 (2006). "To obtain relief under Strickland, a defendant must prove that defense counsel's performance fell below an objective standard of reasonableness and that this substandard performance caused prejudice by creating a reasonable probability that, but for counsel's errors, the trial result would have been different." Boyd, 363 Ill. App. 3d at 1034.

" 'An attorney's failure to seek discharge of his client on speedy-trial grounds generally will be deemed ineffective assistance of counsel if there is a reasonable probability that the defendant

would have been discharged had a timely motion for discharge been made and no justification has been proffered for the attorney's failure to bring such a motion.' " Boyd, 363 Ill. App. 3d at 1034, quoting People v. Staten, 159 Ill. 2d 419, 431 (1994); see Peco, 345 Ill. App. 3d at 729. However, the failure of counsel to move for discharge cannot demonstrate either deficient performance on his or her part or prejudice to the defendant where there were no lawful grounds to do so. People v. Howard, 130 Ill. App. 3d 967, 973 (1985).

Section 103--5(a) of the Code of Criminal Procedure of 1963 states, "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***." 725 ILCS 5/103--5(a) (West 2004). Under that provision, proof of a violation requires only that the defendant has not been tried within the period set by the statute and that the defendant has not caused or contributed to the delays. People v. Castillo, 372 Ill. App. 3d 11, 16 (2007). Any delay occasioned by the defendant tolls the speedy-trial period until the expiration of the delay, at which point the statute begins to run again. See Castillo, 372 Ill. App. 3d at 16. The duty is upon the State to bring the defendant to trial within the statutory period, but the defendant bears the burden of proof to establish that delays were not attributable to his or her conduct. Castillo, 372 Ill. App. 3d at 16.

The 120-day statutory period begins to run automatically from the day the defendant is taken into custody, and the defendant need not make a formal demand for trial. Castillo, 372 Ill. App. 3d at 16. By contrast, a defendant who is on bail or recognizance must be tried within 160 days from the date the defendant demands trial. Castillo, 372 Ill. App. 3d at 16. The period in custody is calculated by excluding the day of the arrest but including the day the trial begins. People v. McIntosh, 305 Ill. App. 3d 462, 470 (1999). Likewise, when the period has been tolled for delay

occasioned by the defendant, any later periods of custody subject to the 120-day period are calculated by excluding the first day and including the last. See 5 ILCS 70/1.11 (West 2004); People v. Solheim, 54 Ill. App. 3d 379, 386 (1977).

A delay is occasioned by the defendant when his or her acts caused or contributed to a delay resulting in the postponement of trial. Castillo, 372 Ill. App. 3d at 16. Section 103--5(a) provides: "Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103--5(a) (West 2004).

In his brief, Murray concedes that certain periods of delay are attributable to him. The periods at issue are the initial delay of 87 days between December 4, 2004, and February 28, 2005, the delay between May 16 and 19, 2005, the delay between October 3 and October 5, 2005, and the delay of 34 days between October 11 and November 14, 2005, when Murray was released from custody.

### A. Delay Between December 3, 2004, and February 28, 2005

Murray contends that the 87 days between December 3, 2004, and February 28, 2005, are attributable to the State because he was in custody, he asserted his speedy-trial right, and, although he did not restate his speedy-trial right at arraignment, trial was set within the 120-day period.

In Boyd, we observed that "[o]ur supreme court has consistently held that a delay is occasioned by the defendant and charged to the defendant when the defendant's acts caused or contributed to a delay resulting in the postponement of trial." (Emphasis in original.) Boyd, 363 Ill. App. 3d at 1037; see People v. Hall, 194 Ill. 2d 305, 326 (2000). Thus, we held that unless the trial date is postponed, there is no delay to attribute to the defendant. Boyd, 363 Ill. App. 3d at 1037.

Here, although it was not required, Murray made a written speedy-trial demand the day after his arrest. The statutory period began to run when he was taken into custody on December 3, 2004, and he was not arraigned until January when trial was set within the 120-day period. At that time, the period was not tolled, because trial was set within the 120-day period. Thus, there was no delay to attribute to Murray. The State conceded this point at oral argument. Thus, the first delay occurred on February 28, 2005, when the trial date was stricken for unknown reasons, and the 87 days before that date are counted against the 120-day period.

B. Delays in May 2005 and Between October 3, 2005, and November 14, 2005

There were multiple delays between February 28 and October 3, 2005. Murray concedes that a number of delays during that time are attributable to him. However, he argues that the days between May 16 and May 19, 2005, and the days between October 3 and 5, 2005, are not attributable to him. He then argues that the 34 days between October 11 and November 14, 2005, are subject to the speedy-trial period because his objections to further delays and his statements that he was ready for trial amounted to oral demands for trial on the record. The State contends that standing ready for trial and objecting to the delays were insufficient to demand trial under section 103--5(a).

Section 103--5(a) requires the defendant to object to a delay by "making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103--5(a) (West 2004). There is little case law interpreting what constitutes an "oral demand for trial" for purposes of section 103--5(a). However, case law interpreting section 103--5(b) is instructive. Peco, 345 Ill. App. 3d at 734.

"Section 103--5(b) is the companion provision to section 103--5(a) and requires an individual on bail or recognizance to be tried within 160 days 'from the date defendant demands trial.' " Peco, 345 Ill. App. 3d at 734. "[T]his provision does not require a defendant to invoke the protections of

the speedy-trial statute in any particular form." Peco, 345 Ill. App. 3d at 734, citing People v. Huff, 195 Ill. 2d 87, 92 (2001). However, while no magic words are required to constitute a speedy-trial demand, there must be some affirmative statement requesting a speedy trial, and the demand should not be disguised in ambiguous language. Peco, 345 Ill. App. 3d at 734, citing People v. Coleman, 50 Ill. App. 3d 40, 42 (1977).

In People v. Wyatt, 47 Ill. App. 3d 686, 688 (1977), the defendant answered ready for trial and requested a jury. In response to the State's request for a continuance, he " 'adamantly' objected." Wyatt, 47 Ill. App. 3d at 688. The appellate court required a "formal demand"[1] for trial and held that the objection was not a formal demand, drawing a distinction between objecting to a continuance out of a desire to proceed with trial on a particular day and invoking the statutory speedy-trial right. Wyatt, 47 Ill. App. 3d at 688. The court stated: "Indeed, such a distinction seems inherent in the very notion of a formal demand for trial, since in this context, the word 'formal' clearly implies some specific action taken solely and expressly for the purpose of marking the beginning of the [statutory] period." Wyatt, 47 Ill. App. 3d at 688.

In People v. Moore, 99 Ill. App. 3d 664, 665 (1981), defense counsel stated: " 'Please, let the record reflect that we are still ready for trial.' " (Emphasis omitted.) The trial court interpreted the statement as a demand for trial and made a finding to that effect, stating: " 'The trial demand will show.' " (Emphasis omitted.) Moore, 99 Ill. App. 3d at 665. The State did not object, and, when the defendant later argued a violation of his speedy-trial rights, the State argued that there was no trial demand. Distinguishing Wyatt, where the defendant simply answered ready for trial and

---

[1]Wyatt was decided before section 103--5(b) was amended to require a written demand. Compare 725 ILCS 5/103--5(b) (West 2004) with Ill. Rev. Stat. 1975, ch. 38, par. 103--5(b).

objected, in <u>Moore</u>, the appellate court relied on the trial court's finding of a demand. The court stated:

> "Although, it is true that the mere announcement of being 'ready for trial,' by itself, is insufficient to serve as a demand for trial, that statement in the instant case was coupled with the court's construction of the statement as a demand for trial when the court made its declaration, 'the trial demand will show.' Significantly, the State did not object to the court's construction of defense counsel's statement." <u>Moore</u>, 99 Ill. App. 3d at 667.

Here, section 103--5(a) does not require a "formal" demand. But section 103--5(a) does require an objection to a delay by making a demand for trial either in writing or on the record. Murray made no demand for trial, and did not even object to the delay, between May 16 and May 19, 2005. Therefore, those days are attributable to him.

In most of the other instances, occurring between October 3 and November 14, 2005, Murray's attorney objected to the delays, stated that she was ready for trial, and specifically stated her desire that the delay be attributed to the State--language that would be used only in reference to Murray's speedy-trial right. On most of those occasions, the court also noted in a docket entry that the delay was over Murray's objection.

However, on October 26, 2005, there was not a sufficient oral demand for trial. On that day, the substitute counsel who appeared in court with Murray stated a readiness for trial and objected to the delay, but did not specifically ask for trial or use language that would reference the speedy-trial statute. Although the court stated that it was continuing the case over Murray's objection, it did not make any finding that the objection rose to the level of a speedy-trial demand. <u>Cf.</u> <u>Moore</u>, 99 Ill. App. 3d at 667. Stating a readiness for trial and adamantly objecting to a delay are not sufficient to

affirmatively invoke the speedy-trial right. Wyatt, 47 Ill. App. 3d at 688. In the absence of language clearly showing an intent to invoke the speedy-trial statute and without a specific finding by the trial court, there is not an affirmative and unambiguous request for a speedy trial on the record.

Because there was not a sufficient trial demand made on the record on October 26, 2005, the period of time between that day and November 14, 2005, is attributable to Murray. Without that period considered in the calculation, he was discharged from custody within 120 days, averting any violation of section 103--5(a), even if we were to attribute the other delays between October 3 and October 26 to the State.

We further observe that when "the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day," it may continue the cause upon application of the State for up to 60 days. 725 ILCS 5/103--5(c) (West 2004). We have held that counsel was not ineffective for failing to move to discharge when there was a State motion to continue because of an unavailable witness and there was no argument that the State was not exercising due diligence, even when neither the motion nor the court made reference to section 103--5(c). See Howard, 130 Ill. App. 3d at 976-77. Also, once there was a delay attributable to Murray within 21 days of the end of the statutory period, the trial court could delay the matter for an additional 21 days upon application of the State. 725 ILCS 5/103--5(f) (West 2004).

### III. CONCLUSION

We determine that Murray was not denied a speedy trial. Therefore, his counsel was not ineffective for failing to bring a motion to discharge, and there was no plain error.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.