# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Falletti*, 2012 IL App (4th) 120107

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRYAN C. FALLETTI, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-12-0107 |
| Filed | October 11, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The discharge of defendant based on the violation of his statutory right to be tried within 120 days was affirmed where the State forfeited its arguments that defendant did not object to the delay that resulted in the violation. |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 11-CF-456; the Hon. Nancy S. Fahey, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal     Randall Brinegar, State's Attorney, of Danville (Patrick Delfino, Robert J. Biderman, and John E. Teefey, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael J. Pelletier, Karen Munoz, and Allen H. Andrews, all of State Appellate Defender's Office, of Springfield, for appellee.

Panel     JUSTICE APPLETON delivered the judgment of the court, with opinion. Justices Steigmann and Knecht concurred in the judgment and opinion.

# OPINION

¶ 1     The State appeals from an order discharging defendant, Bryan C. Falletti, for violation of his statutory right to be tried within 120 days. See 725 ILCS 5/103-5(d) (West 2010). We decline to consider the arguments that the State makes in this appeal, because it does not appear that the State made these arguments in the trial court. Therefore, we affirm the trial court's judgment.

¶ 2     I. BACKGROUND

¶ 3     According to a notation at the bottom of the information, the police arrested defendant on July 28, 2011. The State charged him, in Vermilion County case No. 11-CF-456, with three counts: unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2010)), reckless discharge of a firearm (720 ILCS 5/24-1.5 (West 2010)), and unlawful possession of a weapon by a felon with a previous conviction of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2010)).

¶ 4     In a hearing on August 25, 2011, the trial court scheduled defendant's trial for October 7, 2011.

¶ 5     On October 7, 2011, the trial court held a joint hearing in this case as well as in three other criminal cases pending against defendant: Vermilion County case Nos. 10-CF-268, 11-CF-10, and 11-CF-211. (Defendant was in custody in the present case but not in the other three cases.) Michael Merlie represented defendant in the present case, and Baku Patel represented him in the other three cases, but in the hearing of October 7, 2011, Kavita Uppal stood in for Patel.

¶ 6     The trial court noted that, in Vermilion County case Nos. 10-CF-268, 11-CF-10, and 11-CF-211, defendant had moved for a fitness evaluation and the court had granted the motion. The court asked Merlie:

"THE COURT: *** But there has been no such order entered in 11-CF-456, Mr. Merlie?

MR. MERLIE: Your Honor, my client has instructed me he's ready for trial and wishes to proceed."

¶ 7    The prosecutor, Sandra L. Lawlyes, argued that defendant could not raise an issue of fitness in Vermilion County case Nos. 10-CF-268, 11-CF-10, and 11-CF-211 and at the same time, in the present case, proceed immediately to trial while the issue of fitness was still unresolved. According to Lawlyes, defendant had to either withdraw the issue of fitness from the other three cases or, in the present case, accept a delay, attributable to him, until the results of the fitness evaluation were forthcoming.

¶ 8    Merlie responded: "Your Honor, I'm not waiving any right to–or I would object to the State's analysis. It's not my motion for fitness. As I indicated, we're ready for trial on his case. I don't think Mr. Falletti should stand for any–or he should be charged with any delays in my case. Wish to reserve–preserve that record–or that for the record, Your Honor."

¶ 9    The trial court said:

"THE COURT: If there is an issue of fitness in three other cases that are older cases, Mr. Falletti's now in custody on a case and wanting to go to trial immediately on that case, and I think that he can't pursue a fitness issue which I'm presuming was filed by defense counsel.

MS. UPPAL: It was filed by Mr. Patel, Your Honor, and then–but it was thereafter ordered by Judge Anderson.

THE COURT: All right. Then that's an order that would be invoked and cover any pending criminal case."

¶ 10   Therefore the court ruled: "[O]ver the defense objection then in 11 CF 456, that case as to Mr. Falletti will also have to be continued for the fitness evaluation and the fitness issue to be resolved."

¶ 11   Lawlyes then suggested January 9, 2012, as the new date of the trial. The trial court continued the trial until that date.

¶ 12   On January 6, 2012, Robert E. McIntire, who had been substituted for Merlie as defense counsel, filed a motion to discharge defendant pursuant to the speedy-trial statute (725 ILCS 5/103-5(d) (West 2010)), observing that more than 120 days had passed since defendant was taken into custody.

¶ 13   On January 9, 2012, in a status hearing in case Nos. 10-CF-268, 11-CF-10, and 11-CF-211, Patel informed the trial court that a fitness report was completed on December 31, 2011, and that the report concluded that defendant was fit to stand trial. Patel and Lawlyes stipulated to defendant's fitness, and the court made a finding of fitness.

¶ 14   On January 13, 2012, in the present case, the trial court held a hearing on defendant's motion for discharge. In the hearing, Lawlyes argued:

"[I]t's our position, Judge, that you can't have a motion for fitness in one case and require the State to proceed in the one case that you haven't filed it in.

If there's an issue as to fitness, it needs to be determined in all cases; and I believe it would be plain error to proceed if there is an issue and, for those reasons, that it would toll the term as to Mr. Falletti in the in-custody case.

-3-

THE COURT: And you have case law that's going to support what you're saying?

MS. LAWLYES: I certainly hope so, Judge.

THE COURT: All right. So the case law to be submitted by Tuesday–that's January 17–at 4:30. And then I'll make a decision before the end of the week."

¶ 15 The record does not appear to contain any memorandum of law by the State or any copy of case law.

¶ 16 On January 18, 2012, the trial court granted defendant's motion for discharge.

¶ 17 This appeal followed.

¶ 18 II. ANALYSIS

¶ 19 The State makes two arguments on appeal. First, the State argues that by merely saying, in the hearing of October 7, 2011, that defendant was "ready for trial" and that he "wishe[d] to proceed," Merlie failed to object to the proposed delay by "making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2010). See *People v. Murray*, 379 Ill. App. 3d 153, 161 (2008). Second, the State argues that Merlie failed to make a demand for trial *after* the State proposed a continuation until January 9, 2012. See *People v. Cordell*, 223 Ill. 2d 380, 391-92 (2006).

¶ 20 Defendant maintains that because the State made neither of those arguments in the trial court, the State has forfeited those arguments. See *People v. Holloway*, 86 Ill. 2d 78, 91 (1981). The State offers no response to this contention of forfeiture. From our review of the record, it appears that the only argument the State made in the trial court was that because defense counsel in three other cases had requested a fitness evaluation of defendant, the present case could be delayed until the fitness evaluation was completed and that the delay would be attributable to defendant. That argument is different from the arguments the State makes on appeal. It follows that the State has forfeited the arguments it makes on appeal and that we should not consider them. See *People v. Hall*, 2011 IL App (2d) 100262, ¶ 19.

¶ 21 As for the argument that the State made in the trial court, the State does not repeat that argument on appeal; hence, that argument is effectively abandoned. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) ("[p]oints not argued are waived," *i.e.*, forfeited); Ill. S. Ct. R. 612(i) (eff. Sept. 1, 2006) (Rule 341 governs criminal appeals with regard to the contents of briefs).

¶ 22 III. CONCLUSION

¶ 23 For the foregoing reasons, we affirm the trial court's judgment.

¶ 24 Affirmed.