# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Thompson*, 2012 IL App (2d) 110396

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN M. THOMPSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0396 |
| Filed | November 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's claim that his counsel was ineffective in failing to file a motion for dismissal on speedy-trial grounds was rejected where defendant did not make a demand for trial on the record pursuant to section 103-5(a) of the Code of Criminal Procedure and the resulting delays were deemed "agreed to" by defendant. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-DV-0816; the Hon. Elizabeth W. Sexton, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

John S. Young, of Mt. Prospect, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa A. Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Edward R. Psenicka, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.

Justices McLaren and Burke concurred in the judgment and opinion.

## OPINION

¶ 1      In May 2010, the State charged defendant, John M. Thompson, with two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (a)(2) (West 2010)), one count of battery (720 ILCS 5/12-3(a)(2) (West 2010)), and one count of resisting a peace officer (720 ILCS 5/31-1 (West 2010)), and defendant was released on bond. Thereafter, the State charged defendant with an unrelated felony and defendant was taken back into custody. The State initially opted to try the felony case first for speedy-trial purposes pursuant to section 103-5(a) of the Code of Criminal Procedure of 1963 (the speedy-trial statute) (725 ILCS 5/103-5(a) (West 2010)). Before bringing defendant to trial in either action, however, the State changed its election and brought defendant to trial in the current matter first for the purposes of a speedy trial. A jury found defendant guilty of resisting a peace officer, and the trial court sentenced defendant to time served. Defendant now appeals his conviction, contending that he was denied the effective assistance of counsel because his trial counsel did not file a motion to dismiss the charges on the basis that the State failed to bring him to trial within the speedy-trial term. We affirm.

¶ 2                              I. Background

¶ 3      The record reflects that, on May 26, 2010, the State charged defendant with two misdemeanor counts of domestic battery, one misdemeanor count of battery, and one misdemeanor count of resisting a peace officer. Defendant posted bond and was released from custody.

¶ 4      On August 10, 2010, the State charged defendant with an unrelated felony. Defendant was taken back into custody. On August 30, 2010, the trial court in this case exonerated defendant's bond *nunc pro tunc* as of August 11, 2010. At the August 30 hearing, defense counsel advised the trial court, "I'm not demanding a speedy trial in this case because it

would elect on the felony [case]. *** It's just purely for credit." The trial court noted that the speedy-trial term was tolled.

¶ 5    On September 9, 2010, pursuant to the State's motion, the trial court continued the matter until November 29, 2010. At the September 9 hearing, defense counsel advised the trial court that, "even though [the speedy-trial] term is not running, we would object for the record."

¶ 6    On November 29, 2010, defendant answered ready for trial. The State advised the trial court that "there was some confusion" regarding the running of the speedy-trial term. After a short recess to confer with colleagues in the felony division, the State informed the trial court that the State was electing to proceed on the felony case first for the purposes of a speedy trial. The State further stated that, "if there is a [speedy-trial] issue on this, it would be tolled pursuant to our election." Defense counsel expressed her concern that, although the State was electing to proceed on the felony case first, that case did not have a trial date set. Defense counsel noted that, without a trial date being set in the felony case, this matter could be extended indefinitely. Defense counsel advised the trial court that "[t]here are [speedy-trial] issues, and I would ask that [the term] run until we have a definite answer or [the felony case is] set for trial." The State advised the trial court that defendant was agreeing to toll the speedy-trial term in the felony case and that there was "nothing we can do to force them to have the trial." Defense counsel responded:

"As long as [the State is] actually electing on that and that there are plans to have that set for trial, and that [the continuances in the felony trial] were on defendant's motion, then I would have no issue with that."

¶ 7    On February 9, 2011, the State advised the trial court that a date for defendant's felony trial had still not been set. The State advised the trial court that, "to avoid any argument that there has to be a trial date set in one of the two cases," the State would change its original decision and elect to try defendant's misdemeanor case first. Defendant filed a speedy-trial demand on that date. The trial court concluded that defendant's speedy-trial term in the misdemeanor case would begin to run on February 9, 2011. Defendant's trial occurred on April 6, 2011, and a jury found defendant guilty of resisting a peace officer. Defendant timely appealed.

¶ 8                                II. Discussion

¶ 9    The only issue in this appeal is whether defendant was denied the effective assistance of counsel because his trial counsel neglected to file a motion to dismiss on the basis that the State did not bring defendant to trial within the speedy-trial term. In support of this contention, defendant argues that, once the State changed its original decision and elected to try the misdemeanor case first for the purposes of a speedy trial, the State was required to bring him to trial within 120 days of the date he was taken into custody absent any delays attributable to him. Because he was taken into custody on August 10, 2010, and not brought to trial until April 6, 2011, defendant argues that the State failed to do so. Therefore, defendant maintains that a motion to dismiss on speedy-trial grounds would have been successful, and his trial counsel was ineffective for not bringing a motion. The State counters that it changed its original decision to elect defendant's felony case first after defendant's

trial counsel in this case voiced her concerns that a trial date for the felony charge had not been set and that the charges in this case could remain pending indefinitely. Therefore, the State maintains that it gave defense counsel what she requested and, as a result, defense counsel was not ineffective for failing to file a motion to dismiss pursuant to the speedy-trial statute.

¶ 10    A defendant's right to the effective assistance of counsel is provided by the sixth and fourteenth amendments to the United States Constitution. *People v. Angarola*, 387 Ill. App. 3d 732, 735 (2009) (citing U.S. Const., amends. VI, XIV). To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the first prong, the defendant must show that his trial counsel's performance was deficient because the representation fell below an objective standard of reasonableness. *People v. Harris*, 206 Ill. 2d 1, 16 (2002). To meet the second prong, the defendant must demonstrate prejudice by showing that there is a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different. *Id.* "The failure of counsel to argue a speedy-trial violation cannot satisfy either prong of *Strickland* where there is no lawful basis for arguing a speedy-trial violation." *People v. Cordell*, 223 Ill. 2d 380, 385 (2006). Thus, we must first determine whether defendant's speedy-trial rights were violated before assessing whether defendant's trial counsel was effective. See *id.*

¶ 11    A defendant possesses both a constitutional and a statutory right to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; 725 ILCS 5/103-5(a) (West 2010). Although these provisions address similar concerns, the rights they establish are not coextensive. *People v. Woodrum*, 223 Ill. 2d 286, 298 (2006). We note that, in this case, defendant asserts only a violation of his statutory right to a speedy trial, and has not raised a constitutional issue. See *id.*

¶ 12    Section 103-5(a) of the speedy-trial statute provides:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date [the defendant] was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2010).

When a defendant remains in custody, the 120-day statutory period begins to run automatically and the defendant does not need to make a formal demand for a speedy trial. *People v. Castillo*, 372 Ill. App. 3d 11, 16 (2007). "[P]roof of a violation requires only that the defendant has not been tried within the period set by the statute and that the defendant has not caused or contributed to the delays." *Id.* A delay is charged to the defendant when his or her acts caused or contributed to the delay that resulted in postponing the trial. *Id.*

¶ 13    Defendant's argument that a speedy-trial motion would have been successful is premised on his theory that, once the State changed its election and decided to bring him to trial in this matter before the felony matter, the speedy-trial clock "related back" to the date he was taken into custody. In other words, according to defendant, the speedy-trial clock in this case was not tolled when the State originally elected to bring him to trial on the felony charge first.

-4-

¶ 14    In *People v. Kliner*, 185 Ill. 2d 81 (1998), a jury convicted the defendant of two counts of first-degree murder and one count of conspiracy to commit murder. *Id.* at 98. On appeal, the defendant argued that the trial court erred by denying his motions to dismiss based on a speedy-trial violation. *Id.* at 113. The defendant premised his speedy-trial argument, in part, on a delay between July 19, 1995, and January 25, 1996. *Id.* at 123. That delay occurred when the State changed its original election to bring the defendant to trial first on the murder charges, and instead opted to bring the defendant to trial first on unrelated armed violence charges. *Id.*

¶ 15    The supreme court rejected the defendant's argument. *Id.* The supreme court noted that, when a defendant is simultaneously in custody for more than one charge, the State is required to bring the defendant to trial on one of those charges within 120 days of arrest and must try the defendant on the remaining charge within 160 days from the rendering of judgment on the first charge. *Id.* (citing 725 ILCS 5/103-5(e) (West 1994)). The supreme court concluded that, "[b]ecause the State here announced on June 5, 1995, its decision to proceed to trial first on the armed violence charges, the State was required to bring [the] defendant to trial on those charges within 120 days given that defendant was in custody on those charges. The speedy-trial period with respect to the murder case was therefore tolled from June 5, 1995, until judgment was rendered on the armed violence charges." *Id.* at 123-24. The supreme court further rejected the defendant's argument that the State engaged in subterfuge by changing its election and deciding to proceed on the armed violence charges first. *Id.* at 124. The supreme court reasoned:

> "We first point out that the State is not precluded from changing its election. [Citations.] If the law were to the contrary, a defendant could decide which charge should be tried first by challenging a prosecutor's legitimate reason for changing his election." *Id.*

¶ 16    Pursuant to *Kliner*, we reject defendant's argument that, here, the speedy-trial clock related back to the date he was taken into custody once the State changed its election and decided to bring him to trial in the misdemeanor matter first. The *Kliner* court noted that the State had a right to change its election, and once the State did so on June 5, 1995, the speedy-trial clock in the murder case tolled. *Id.* at 123-24. We recognize, as defendant points out, that in *Kliner* the State originally opted to bring the defendant to trial on the murder charges first, then changed its election and brought the defendant to trial on the armed violence charges first, and that the defendant's speedy-trial argument on appeal stemmed from the second trial. Conversely, in this case, defendant's appeal stems from the first matter to proceed to trial. We find this distinction insignificant. To conclude otherwise would be to hold that the speedy-trial clock is *not* tolled in either matter when the State makes its initial election, but pursuant to *Kliner* the speedy-trial clock *is* tolled in one case when the State changes its original election, absent subterfuge. The more logical application of *Kliner* is to hold that the speedy-trial clock is tolled in the unelected matter when the State initially elects to bring a defendant to trial first on unrelated charges, and the speedy-trial clock is also tolled if the State changes its original election, absent subterfuge.

¶ 17    In this case, regardless of the State's changing its election, defendant's speedy-trial rights were not violated, because he agreed to the delays between August 11, 2010, and February 9, 2011. Section 103-5(a), which applies here because defendant was in custody (see *People*

*v. Murray*, 379 Ill. App. 3d 153, 158 (2008) (distinguishing sections 103-5(a) and 103-5(b))), expressly provides that a defendant is considered to have "agreed" to a delay unless he or she "objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2010). Defendant made no such objections when his case was delayed at the September 9, 2010, and November 29, 2010, hearings. Therefore, because defendant agreed to the delays, he contributed to the postponement of his trial. The speedy-trial clock was tolled between August 11, 2010, and February 9, 2011, when the clock began to run again pursuant to defendant's demand for a speedy trial. See *Murray*, 379 Ill. App. 3d at 158 (noting that any delay occasioned by the defendant tolls the speedy-trial clock until the expiration of the delay, at which point the clock begins to run again).

¶ 18      We find support for our determination in *Murray*. In that case, the defendant, who was in custody, argued that trial delays between October 11, 2005, and November 14, 2005, were not attributable to him, because he objected to the delays and stated that he was ready for trial. *Id.* at 159-60. Specifically, on October 11, 2005, the defendant objected to the State's request for a continuance, and the trial court's order noted that the trial court granted the continuance " 'over [the defendant's] objection.' " *Id.* at 156. When the State requested an additional continuance on October 12, 2005, the defendant's attorney answered that the defendant was ready for trial. *Id.* The trial court continued the matter until October 27, 2005, but again noted that the continuance was over the defendant's objection. *Id.* At an October 26, 2005, hearing, the State advised the trial court that it would not be ready for trial on October 27, and the defendant again advised the trial court that he was ready for trial. *Id.* at 156-57. However, the defendant's attorney did not make a demand for trial or reference charging the time to the State. *Id.* at 157. The trial court continued the matter until November 14, 2005, at which point the State sought an additional continuance. *Id.* The trial court granted the continuance, but released the defendant from custody, with restrictions. *Id.* Thereafter, the defendant was convicted of possession of a controlled substance with intent to deliver. *Id.*

¶ 19      On appeal, we rejected the defendant's argument that the delay between October 26, 2005, and November 14, 2005, was not attributable to him. We began our analysis by noting that "[t]here is little case law interpreting what constitutes an 'oral demand for trial' for purposes of section 103-5(a)." *Id.* at 160. Referring to section 103-5(b), the companion provision that applies to defendants released on bond, we concluded that, although section 103-5(a) did not require a formal demand, it did "require an objection to a delay by making a demand for trial either in writing or on the record." *Id.* at 161. We held that, on October 26, 2005, the defendant did not make a sufficient oral demand for trial. Rather, the defendant's attorney merely stated a readiness for trial and objected to the delay "but did not specifically ask for a trial or use language that would reference the speedy-trial statute." *Id.* Thus, we concluded that "[s]tating a readiness for trial and adamantly objecting to a delay are not sufficient to affirmatively invoke the speedy-trial right." *Id.* We further opined, "[i]n the absence of language clearly showing an intent to invoke the speedy-trial statute and without a specific finding by the trial court, there is not an affirmative and unambiguous request for a speedy trial on the record." *Id.*

¶ 20      *Murray* is instructive here. At the August 30, 2010, hearing, defendant did not demand

trial; his counsel expressly advised the trial court that she was not "demanding a speedy trial in this case." Similarly, at the September 9, 2010, hearing, defense counsel objected to the State's continuance "for the record." However, while making the objection "for the record," defense counsel acknowledged that the speedy-trial term was not running, and defendant did not request trial. Finally, at the November 29, 2010, hearing, defense counsel merely expressed her concerns that a trial date in defendant's felony case had not yet been set and that defendant could remain in custody indefinitely. Defense counsel further advised the trial court that defendant was "ready for trial on this case," but also advised the trial court that she would have "no [speedy-trial] issue" so long as the State elected to try the felony case first, there were plans to have that trial, and the continuances in the felony case were on defendant's motion.

¶ 21    As we concluded in *Murray*, merely answering ready for trial and objecting to a continuance is not a sufficient demand under section 103-5(a) of the speedy-trial statute. See *id.* Here, although defendant objected "for the record" on September 9, 2010, defendant did not make a demand for trial on the record but, rather, expressly acknowledged that the speedy-trial term was not running. In addition, on November 29, 2010, although defense counsel answered ready for trial, expressed concern because a trial date had not been set in the felony case, and requested that the delay be charged against the speedy-trial term, she also acknowledged that there would not be a speedy-trial issue so long as the State elected to try the felony case first and the continuances in that case were on defendant's motion. With such an acknowledgment, defendant could not have made an affirmative and unambiguous demand for trial on the record. See *id.*

¶ 22    In sum, because defendant did not make a sufficient demand for trial on the record pursuant to section 103-5(a) between August 10, 2010, and February 9, 2011, those delays are considered "agreed to" by defendant. 725 ILCS 5/103-5(a) (West 2010). Accordingly, his claim of ineffective assistance of counsel necessarily fails because a motion by defense counsel for a dismissal on speedy-trial grounds would have been futile. See *Cordell*, 223 Ill. 2d at 392-93.

¶ 23                                    III. Conclusion
¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 25    Affirmed.